**Harry KIRVEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46623.**

Court of Criminal Appeals of Texas.

April 4, 1973.

W. M. Zachry, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Gary Coker, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Appellant plead guilty before the court to the sale of a dangerous drug, to-wit:

Barbituric Acid Derivative; the punishment, 8 years.

The sufficiency of the evidence is not questioned.

First, appellant complains that he was denied the right of counsel, after his plea of guilty, at the interview with the probation officer while making a pre-sentence investigation for the court on the question of probation. Motion for probation had been filed and after receiving the report of the probation officer, which was unfavorable, the court denied probation.

Appellant was not in custody, but was on bail at the time of the interview with the probation officer. He testified, referring to that interview:

"Q. Did he tell you you had a right to have your Attorney there present during the time he was talking to you and everything?

A. Yes, sir, he told me that.

Q. He did. And what did you tell him?

A. I told him that I had already talked to my Attorney."

■ The facts, therefore, do not support the claim that appellant was denied the right to have his attorney present at the interview with the probation officer.

■ This not being a custodial interview, the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, do not apply. Cunningham v. State, Tex.Cr.App., 488 S.W.2d 117. See also, Brown v. State, Tex.Cr.App., 475 S. W.2d 938; Jones v. State, Tex.Cr.App., 442 S.W.2d 698.

Appellant's first ground of error is overruled.

■ Ground of error No. 2 is that the court erred in denying appellant's motion to withdraw his plea of guilty and waiver of jury trial because of lack of intelligent waiver of his constitutional rights.

The trial was held on May 24, 1972. Appellant was represented by two retained attorneys. Prior to the guilty plea, appellant signed a stipulation of evidence form in which he made a judicial confession of his guilt of the offense alleged in the indictment, which was approved by his attorney. Upon his plea of guilty, the court fully admonished appellant, during which the court asked appellant:

"COURT: Are you entering this plea today because you have been promised or lead to believe that if you do enter this plea before the Court, this Court would reward you with low punishment, parole or probation?

DEFENDANT: No, Sir."

The court, after the presentation of ample evidence, found the appellant guilty and asked a probation officer to make a pre-sentence report before pronouncing sentence. On July 18, 1972, having become aware that the court would not grant probation, appellant filed his motion to withdraw his plea of guilty and waiver of jury trial. Such motion was overruled and the court sentenced appellant to eight years, with no probation.

The motion alleged that the appellant was a man of low intelligence, 72 years of age, with little or no formal education; that he did not have sufficient intelligence to understand the nature and consequences of the waiver of the right to trial by jury and the right to plead not guilty; that his attorney told him the court would grant probation if he waived jury trial and plead guilty, and that the court had so agreed.

On the hearing of the motion, on July 18, 1972, in regard to his plea of guilty, the appellant testified:

"Q. Now, I will ask you, if on the evening of the 23rd of May, 1972, if you had occasion to have a discus-

sion with your Attorney, concerning your plea in this matter?

A. Yes, sir, that's right.

Q. And what was it your Attorney told you at that time, concerning your plea?

A. Plead guilty, and I would get probation.

Q. A probated sentence?

A. Probated.

Q. Now, did he tell you where his information came from that you would get this sort of clemency in this matter?

A. Did he ask me . . .

Q. What I am asking you Harry, is this, what was his information that you were going to receive probation, did he tell you why he thought you would get probation?

A. Yes, he said he thought the Judge would give me this probation.

Q. Did he indicate to you that he had any conversation with the Judge in this matter?

A. Well, I would say he did.

Q. Did he tell you that or not?

A. No, I don't think he told me. I don't remember it now."

Neither of appellant's retained attorneys testified, and neither did the court.

It is obvious from the above quoted testimony of appellant that the attorney did not tell his client the court had promised probation *but* that the attorney was expressing a hope or an opinion that the court would grant probation and that his client so understood it.

Certainly the attorneys retained to represent appellant knew that it was customary in that court where probation was an issue to have pre-sentence reports by the probation department, and that the action of the court would be dependent at least in part on the contents of such report. It was their duty to so advise their client, and we are not called upon to consider them derelict in their duty. The court had the right to consider the obligation of the attorneys in this regard, and doubtless did so.

In regard to his conference with his attorney before his plea of guilty, appellant testified:

"Q. And you and Mr. Zachry talked about what your plea would be in this case?

A. Yes, sir, we did.

Q. And you decided to plead guilty. Is that correct?

A. Yes, sir.

Q. And no one forced you to plead guilty?

A. No one.

Q. And you plead guilty because you were guilty?

A. Yes, sir.

Q. And nobody but Mr. Zachry told you that you would get probation. Is that right?

A. He was the only one."

As to appellant being a man of low intelligence, there was no evidence on his intelligence except such as he gave and was shown to the court by his demeanor, responses and manner of testifying, in addition to the pre-sentence report of the probation officer.

■ The granting or refusal of probation, where the trial is before the court, is solely in the discretion of the trial judge. Redd v. State, Tex.Cr.App., 438 S.W.2d 565; Article 42.12, Vernon's Ann.C.C.P., and many cases cited under Note 6.

We hold that the court did not err in overruling the motion to withdraw appellant's plea of guilty, and for jury trial, and overrule ground of error No. 2.

We find no error in the record and affirm the judgment.

Opinion approved by the Court.