

**NUMBERS**
**13-10-00184-CR**
**13-10-00185-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ISIAH NORMAN MITCHELL,**                                                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                       **Appellee.**

### On appeal from the Criminal District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Isiah Norman Mitchell, appeals the revocation of probation resulting from underlying offenses of theft and aggravated robbery. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2010), § 29.03 (West 2003). After Mitchell pleaded true to violations of his probation terms, the trial court sentenced him to two years'

incarceration for theft and ten years' incarceration for aggravated robbery, with the sentences ordered to run concurrently. By two issues on appeal, Mitchell contends that: (1) he did not voluntarily plead true; and (2) he received ineffective assistance of counsel due to his counsel's failure to research and advise him properly. We affirm.

## I. BACKGROUND[1]

On June 28, 2007, the State indicted Mitchell for the state-jail felony offense of theft. *Id.* § 31.03. On July 23, 2007, Mitchell signed a plea agreement, and the trial court entered a four-year deferred adjudication order. On September 17, 2007, the State indicted Mitchell for the first-degree felony offense of aggravated robbery. *Id.* § 29.03. Mitchell signed a second plea agreement, and the trial court entered a ten-year deferred adjudication order.

On November 5, 2008, the State filed Motions to Revoke Unadjudicated Probation for both causes on four alleged violations of probation. Mitchell pleaded "true" to three violations. The trial court heard the motions, placed the motions in abeyance for twelve months, and ordered Mitchell to complete a day-reporting program.

On January 26, 2010, the State filed its First Amended Motions to revoke Unadjudicated Probation for both causes, alleging two additional violations for failing to submit to alcohol and/or drug screening and failing to pay court assessed fees. On March 12, 2010, Mitchell pleaded true to failing to submit to alcohol and/or drug screening. Mitchell was then adjudicated guilty of the theft and aggravated robbery charges and was sentenced to two and ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, respectively. This appeal ensued.

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

## II. STANDARD OF REVIEW

We review a revocation of probation for an abuse of discretion. *Garret v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). A court abuses its discretion when it "applie[s] an erroneous legal standard, or when no reasonable view of the record could support [its] conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion." *Lanum v. State*, 952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no writ) (quoting *DuBose v. State,* 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996)).

## III. ANALYSIS

### A. Voluntariness of Plea

By his first issue, Mitchell contends that he did not make his plea of "true" voluntarily. A plea of "true," standing alone, is sufficient evidence to revoke probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). In a probation revocation hearing, a plea of true must be made knowingly and voluntarily. *Hawkins v. State*, 112 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2003, no pet.). The defendant bears a heavy burden to prove that, considering the totality of the circumstances, he entered into the plea without understanding the consequences. *Pena*, 132 S.W.3d at 666 (citing *Martinez,* 981 S.W.2d at 197); *Ybarra v. State,* 93 S.W.3d 922, 925 (Tex. App.—Corpus Christi 2002, no pet.). No requirement exists that the trial court orally inquire regarding the defendant's voluntariness of plea subsequent to defendant and counsel signing written admonishments, waivers, or statements if the trial judge establishes that the defendant read and understood the documents. *Cantu v. State,* 993 S.W.2d 712, 716–

3

17 (Tex. App.—San Antonio 1999, pet. ref'd); *Edwards v. State,* 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no writ).

In this case, Mitchell knowingly and voluntarily entered his plea. *Martinez*, 981 S.W.2d at 197. Mitchell signed written plea admonishments that stated the following for both of his offenses:

> Pursuant to Art. 25.13 C.C.P. and having been duly sworn, you are hereby admonished in writing that you are charged with the offense shown . . . if convicted, you face confinement in a State Jail for any term of not less than 180 days or more than 2 years; [i]f convicted, you face . . . a term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice.

Since the trial judge established the defendant read and understood the documents, Mitchell showed voluntariness simply through the act of signing the written punishment admonishments. *See Cantu v. State,* 993 S.W.2d 712, 716-17 (Tex. App.—San Antonio 1999, pet. ref'd). Thus, Mitchell did not meet his heavy burden of proving that he entered into the plea without understanding the consequences. *Pena*, 132 S.W.3d at 666 (citing *Martinez,* 981 S.W.2d at 197); *Ybarra v. State,* 93 S.W.3d 922, 925 (Tex. App.—Corpus Christi 2002, no pet.). We overrule Mitchell's first issue.

## B. Ineffective Assistance of Counsel

By his second issue, Mitchell contends that he pleaded "true" due to ineffective assistance of counsel. If defendant proves ineffective assistance of counsel led him to pleading "true," such pleas are considered involuntary. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). The defendant has the burden to establish ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). However, there is a "strong presumption that

4

counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689 (1984).

To prove ineffective assistance of counsel, the defendant must meet the heavy burden established in the *Strickland* test. *Id.* In *Strickland*, assistance of counsel is ineffective if, in considering the totality of the circumstances: (1) counsel made such serious errors that he was not functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995). The record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Where the record does not do so, counsel is presumed effective. *Id.* A defendant's uncorroborated testimony to such deficiencies is not sufficient to establish ineffective assistance of counsel. *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Also, a defendant does not have a claim of involuntary plea or ineffective assistance of counsel simply because counsel gave his professional opinion, defendant relied on that opinion, and the opinion proved to be incorrect. *Kirven v. State,* 492 S.W.2d 468, 470 (Tex. Crim. App. 1973); *see Medford v. State,* 766 S.W.2d 398, 401 (Tex. App.—Austin 1989, no writ).

In this case, Mitchell does not satisfy the strict *Strickland* test. Mitchell argues that his attorney was ineffective because he did not advise him of Texas Code of Criminal Procedure article 42.12 section 23(a) and (b), which provides that if community supervision is revoked after a hearing, the judge can dispose of the case as if no community supervision was ever fulfilled. *See* TEX. CODE CRIM. PROC. art. 42.12 §

5

23(a), (b) (West 2009). Except for Mitchell's uncorroborated testimony, nothing exists in the record indicating that his counsel did not do this research or advise him of this; thus, we assume that counsel's actions were within the broad range of acceptable assistance. *See Arreola*, 207 S.W.3d at 391; *see also Flores v. State*, 18 S.W.3d 796, 799-800 (Tex. App.—Austin 2000, no pet.) (holding that a claim of ineffective counsel does not stand where the record was silent with regard to counsel's strategies).

Regardless, Mitchell cannot prove ineffective assistance of counsel because he fails the second part of the *Strickland* test. Mitchell was not prejudiced by the actions of his counsel to the point of being deprived of a fair trial. *See Strickland*, 446 U.S. at 687. Mitchell made an informed decision because he was admonished that he could be found guilty and sentenced to the entire range of punishment if he pleaded "true." *Martinez*, 981 S.W.2d at 197. Thus, whether or not his counsel performed adequate research or advised him about article 42.12 section 23, the proceedings would have resulted in the same conviction. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) (holding appellant failed to prove the second part of the *Strickland* analysis when he could not show prejudice caused by counsel's ineffectiveness). Furthermore, the fact that Mitchell simply relied on his attorney's incorrect professional opinion does not constitute ineffective assistance of counsel. *See Kirven v. State,* 492 S.W.2d 468, 470 (Tex. Crim. App. 1973) (holding appellant's plea was voluntary even though she relied on counsel's professional opinion). Thus, this Court concludes that Mitchell failed to overcome the strong presumption that counsel's actions were within the wide range of reasonable professional assistance. We conclude that Mitchell's claim of ineffective assistance of counsel fails. Therefore, his claim that he pleaded "true" due to

6

ineffective assistance of counsel fails, and on this basis, we conclude that his plea of "true" was not involuntary. *See Ex parte Burns*, 601 S.W.2d at 372. We overrule Mitchell's second issue.

## IV. CONCLUSION

Having overruled both of Mitchell's issues, we affirm the trial court's judgments.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of July, 2011.