NUMBERS

 13-10-00184-CR

13-10-00185-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

ISIAH NORMAN MITCHELL,                                                       Appellant,

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the Criminal
District Court

of Jefferson County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides

Memorandum Opinion by
Justice Benavides

 

            Appellant, Isiah
Norman Mitchell, appeals the revocation of probation resulting from underlying
offenses of theft and aggravated robbery. See Tex. Penal Code Ann. § 31.03 (West Supp. 2010), § 29.03
(West 2003).  After Mitchell pleaded true to violations of his probation terms,
the trial court sentenced him to two years’ incarceration for theft and ten
years’ incarceration for aggravated robbery, with the sentences ordered to run
concurrently.  By two issues on appeal, Mitchell contends that:  (1) he did not
voluntarily plead true; and (2) he received ineffective assistance of counsel
due to his counsel’s failure to research and advise him properly.  We affirm.

I.  
Background[1]

            On June
28, 2007, the State indicted Mitchell for the state-jail felony offense of
theft.  Id. § 31.03.  On July 23, 2007, Mitchell signed a plea
agreement, and the trial court entered a four-year deferred adjudication
order.  On September 17, 2007, the State indicted Mitchell for the first-degree
felony offense of aggravated robbery.  Id. § 29.03.  Mitchell
signed a second plea agreement, and the trial court entered a ten-year deferred
adjudication order. 

            On
November 5, 2008, the State filed Motions to Revoke Unadjudicated Probation for
both causes on four alleged violations of probation.  Mitchell pleaded “true”
to three violations.  The trial court heard the motions, placed the motions in
abeyance for twelve months, and ordered Mitchell to complete a day-reporting program. 


On January 26, 2010,
the State filed its First Amended Motions to revoke Unadjudicated Probation for
both causes, alleging two additional violations for failing to submit to
alcohol and/or drug screening and failing to pay court assessed fees.  On March
12, 2010, Mitchell pleaded true to failing to submit to alcohol and/or drug
screening.  Mitchell was then adjudicated guilty of the theft and aggravated
robbery charges and was sentenced to two and ten years’ incarceration in the
Institutional Division of the Texas Department of Criminal Justice, respectively. 
This appeal ensued.

II.
  Standard of Review

            We review
a revocation of probation for an abuse of discretion.  Garret v. State,
619 S.W.2d 172, 174 (Tex. Crim. App. 1981).  A court abuses its discretion when
it “applie[s] an erroneous legal standard, or when no reasonable view of the
record could support [its] conclusion under the correct law and the facts
viewed in the light most favorable to its legal conclusion.”  Lanum v. State,
952 S.W.2d 36, 39 (Tex. App.—San Antonio 1997, no writ) (quoting DuBose v.
State, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996)).

III.
  Analysis

A.  Voluntariness of
Plea

By his first issue,
Mitchell contends that he did not make his plea of “true” voluntarily.  A plea
of “true,” standing alone, is sufficient evidence to revoke probation.  Moses
v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).  In a probation
revocation hearing, a plea of true must be made knowingly and voluntarily.  Hawkins
v. State, 112 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2003, no pet.). 
The defendant bears a heavy burden to prove that, considering the totality of
the circumstances, he entered into the plea without understanding the
consequences.  Pena, 132 S.W.3d at 666 (citing Martinez, 981
S.W.2d at 197); Ybarra v. State, 93 S.W.3d 922, 925 (Tex. App.—Corpus
Christi 2002, no pet.).  No requirement exists that the trial court orally
inquire regarding the defendant’s voluntariness of plea subsequent to defendant
and counsel signing written admonishments, waivers, or statements if the trial
judge establishes that the defendant read and understood the documents. 
Cantu v. State, 993 S.W.2d 712, 716–17 (Tex. App.—San Antonio 1999, pet.
ref'd); Edwards v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st
Dist.] 1996, no writ).  

            In this
case, Mitchell knowingly and voluntarily entered his plea.  Martinez,
981 S.W.2d at 197.  Mitchell signed written plea admonishments that stated the
following for both of his offenses: 

Pursuant to Art. 25.13 C.C.P. and
having been duly sworn, you are hereby admonished in writing that you are
charged with the offense shown . . . if convicted, you face confinement in a
State Jail for any term of not less than 180 days or more than 2 years; [i]f
convicted, you face . . . a term of not more than 99 years or less than 5 years
in the Institutional Division of the Texas Department of Criminal Justice.

 

Since the trial judge
established the defendant read and understood the documents, Mitchell showed
voluntariness simply through the act of signing the written punishment admonishments. 
See Cantu v. State, 993 S.W.2d 712, 716-17 (Tex. App.—San Antonio 1999,
pet. ref'd).  Thus, Mitchell did not meet his heavy burden of proving that he
entered into the plea without understanding the consequences.  Pena, 132
S.W.3d at 666 (citing Martinez, 981 S.W.2d at 197); Ybarra v. State,
93 S.W.3d 922, 925 (Tex. App.—Corpus Christi 2002, no pet.).  We overrule
Mitchell’s first issue.

B.   Ineffective
Assistance of Counsel

By his second issue,
Mitchell contends that he pleaded “true” due to ineffective assistance of
counsel.  If defendant proves ineffective assistance of counsel led him to
pleading “true,” such pleas are considered involuntary.  Ex parte Burns,
601 S.W.2d 370,
372 (Tex. Crim. App. 1980).  The defendant has the burden to
establish ineffective assistance of counsel by a preponderance of the
evidence.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
 However, there is a “strong presumption
that counsel's conduct falls within the wide range of reasonable professional
assistance.”  Strickland v. Washington, 466 U.S. 668, 689 (1984).  

To prove ineffective
assistance of counsel, the defendant must meet the heavy burden established in
the Strickland test.  Id.  In Strickland, assistance of
counsel is ineffective if, in considering the totality of the circumstances:  (1)
counsel made such serious errors that he was not functioning effectively as counsel;
and (2) the deficient performance prejudiced the
defense to such a degree that the defendant was deprived of a fair trial.  Strickland
v. Washington, 466 U.S. 668, 687 (1984); Rodriguez v. State, 899
S.W.2d 658, 665 (Tex. Crim. App. 1995).  The record must affirmatively
demonstrate the alleged ineffectiveness.  Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999).  Where the record does not do so, counsel is presumed
effective.  Id. A defendant’s uncorroborated testimony to such
deficiencies is not sufficient to establish ineffective assistance of counsel. 
Arreola
v. State,
207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Also, a
defendant does not have a claim of involuntary plea or ineffective assistance
of counsel simply because counsel gave his professional opinion, defendant
relied on that opinion, and the opinion proved to be incorrect.  Kirven v.
State, 492 S.W.2d 468, 470 (Tex. Crim. App. 1973); see Medford v. State,
766 S.W.2d 398, 401 (Tex. App.—Austin 1989, no writ).

In this case, Mitchell
does not satisfy the strict Strickland test.  Mitchell argues that his
attorney was ineffective because he did not advise him of Texas Code of Criminal
Procedure article 42.12 section 23(a) and (b), which provides that if community
supervision is revoked after a hearing, the judge can dispose of the case as if
no community supervision was ever fulfilled.  See Tex. Code Crim. Proc. art. 42.12 §
23(a), (b) (West 2009).  Except for Mitchell’s uncorroborated testimony,
nothing exists in the record indicating that his counsel did not do this
research or advise him of this; thus, we assume that counsel’s actions were
within the broad range of acceptable assistance.  See Arreola, 207
S.W.3d at 391; see also Flores v. State, 18 S.W.3d 796, 799-800 (Tex.
App.—Austin 2000, no pet.) (holding that a claim of ineffective counsel does
not stand where the record was silent with regard to counsel’s strategies).

Regardless, Mitchell
cannot prove ineffective assistance of counsel because he fails the second part
of the Strickland test.  Mitchell was not prejudiced by the actions of
his counsel to the point of being deprived of a fair trial.  See Strickland,
446 U.S. at 687.  Mitchell made an informed decision because he was admonished
that he could be found guilty and sentenced to the entire range of punishment
if he pleaded “true.”  Martinez, 981 S.W.2d at 197.  Thus, whether or
not his counsel performed adequate research or advised him about article 42.12
section 23, the proceedings would have resulted in the same conviction.  See
Ex parte White, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) (holding appellant
failed to prove the second part of the Strickland analysis when he could
not show prejudice caused by counsel’s ineffectiveness).  Furthermore, the fact
that Mitchell simply relied on his attorney’s incorrect professional opinion
does not constitute ineffective assistance of counsel.  See Kirven v.
State, 492 S.W.2d 468, 470 (Tex. Crim. App. 1973) (holding appellant’s plea
was voluntary even though she relied on counsel’s professional opinion).  Thus,
this Court concludes that Mitchell failed to overcome the strong presumption
that counsel’s actions were within the wide range of reasonable professional
assistance. We conclude that Mitchell’s claim of ineffective assistance of
counsel fails.   Therefore, his claim that he pleaded “true” due to ineffective
assistance of counsel fails, and on this basis, we conclude that his plea of
“true” was not involuntary. See Ex parte Burns, 601 S.W.2d at 372. 
We overrule Mitchell’s second issue. 

IV.   Conclusion

Having
overruled both of Mitchell’s issues, we affirm the trial court's judgments.

 

 

 

                                                                                                 ________________________

                                                                                                 Gina
m. benavides,

                                                                                                 Justice

 

 

Do
not publish. 

Tex. R. App. P.
47.2(b).

 

Delivered and
filed the 

7th day of July,
2011.

 









[1] This case is before this Court on
transfer from the Ninth Court of Appeals in Beaumont pursuant to an order
issued by the Supreme Court of Texas.  See Tex. Gov’t Code Ann. § 73.001 (West 2005).