**Opinion issued December 1, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00042-CR

———————————

**MICHAEL BRENT BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 163rd District Court**
**Orange County, Texas[1]**
**Trial Court Case No. B-140443-R**

---

**MEMORANDUM OPINION**

---

[1]     The Texas Supreme Court transferred this appeal from the Court of Appeals for the Thirteenth District of Texas. Misc. Docket No. 14-0001 (Tex. Jan. 7, 2014); *see* TEX. GOV'T CODE ANN. § 73.001 (West 2011) (authorizing transfer of cases). We are unaware of any conflict between precedent of the Court of Appeals for the Thirteenth District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Michael Brent Brown pleaded guilty to felony possession of a controlled substance[2] and was sentenced to life imprisonment. In his single issue challenging the trial court's denial of his motion for new trial, Brown claims that he received ineffective assistance of counsel during his sentencing hearing because his attorney incorrectly told him that his punishment could be reduced to a sentence between two and ten years. We affirm.

**Background**

Brown was indicted for felony possession of more than one gram, but less than four grams, of a controlled substance, amphetamine. TEX. HEALTH & SAFETY CODE ANN. § 481.116(c) (West 2010). The indictment included two enhancements for his prior convictions of aggravated rape and delivery of a controlled substance. Brown pleaded guilty to the offense of possession of a controlled substance and pleaded true to each of the two enhancements in the indictment.

The punishment for possession of between one and four grams of a controlled substance is two to ten years. TEX. PENAL CODE ANN. § 12.34(a) (West 2011). If a defendant has two enhancements, like Brown, the punishment range increases to between 25 years and life imprisonment. TEX. PENAL CODE ANN. § 12.42(d) (West 2014).

---

[2]     TEX. HEALTH & SAFETY CODE ANN. § 481.116(c) (West 2010).

This enhanced punishment range was explained to Brown three times. First, at Brown's plea hearing, the judge admonished Brown on the punishment range:

THE COURT: You understood the range of punishment that could be applied in this case?

THE DEFENDANT: Yes, sir.

THE COURT: And that is a term—if the enhancement allegations are found to be true, that would be a term of life or any term of not more than 99 years or less than 25 years in the Texas Department of Criminal Justice, Institutional Division. You understand that?

THE DEFENDANT: Yes, sir.

Second, Brown signed a written plea admonishment informing him that, because of the enhancements, the range of punishment for his offense was "[a] term of life or any term of not more than 99 years or less than 25 years . . . ."

Third, the judge repeated this punishment range to Brown at the sentencing hearing. The judge told Brown that the punishment for "the charge itself is 2 to 10. The charge with one enhancement is 2 to 20. The charge with both enhancements would be . . . 25 to life."

At the sentencing hearing, Brown attempted to minimize his offense by arguing that the measured weight of the drugs overstated the amount of the controlled substance that Brown possessed. He argued that the drugs contained adulterants and dilutants and, thus, the quantity of the drug itself would have made

3

him eligible to be punished for a state jail felony. His attorney concluded his argument by requesting the minimum sentence of 25 years: "So, what we're asking Your Honor, is for the Court to sentence Mr. Brown to the minimum in this case, the 25 years." Brown was sentenced to life imprisonment, to be served consecutive to a 35-year sentence he received in a different case.

After receiving his sentence, Brown retained new counsel and filed a motion for a new trial. During the hearing on the motion, Brown testified that, despite the repeated admonishments from the judge, his understanding, based on the advice he received from his attorney, was that the evidence "on the weight [of the drugs] . . . could be considered by you, Judge, and that you could possibly change [the sentence range] from that 25 to 99. I could possibly be given a State jail felony, you know, 2 to 10, and get something in that range."

But Brown also conceded that he knew he could receive a life sentence if he pleaded guilty. He admitted that it is "correct" that "it is clear from the record on the plea that the range of punishment was 25 to 99 or life . . . ." Brown also admitted that he understood that, although it was his attorney's opinion that he "could" receive a two-to-ten year sentence, this range was not a certainty. At the hearing, Brown testified:

> Q.                     Okay. So, basically what today your
>                        complaint is that you simply entered your
>                        plea because you believed that the range of
>                        punishment would be reduced?

4

THE COURT: "Could" be.

MS. WALKER
[State Attorney]: Could be.

BY MS. WALKER: Q. Or could—

A. It could be reduced.

Q. —be reduced?

A. Yes. Yes.

. . . .

Q. Could be reduced, right?

A. Yes, that's correct.

Q. But you had absolutely no guarantee that that was going to be what was going to happen; is that right?

A. Is this just a "yes" or "no" question?

Q. Yeah, it's a "yes" or "no" question.

A. Okay. That's right.

The trial court denied Brown's motion for new trial. Brown appeals that denial.

## Ineffective Assistance of Counsel

Brown argues that he received ineffective assistance of counsel. He contends that his attorney "had [him] plea to a case involving a range of punishment of 25 to

5

99 or life. But [he] was given the idea if he did that his lawyer could get the range of punishment changed by arguing the issue of adulterants and dilutants . . . ." Brown asserts that "[h]e would not have pled if he had not thought this was a possibility."

## A.    Standard of review

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004) (superseded on other grounds). When the motion alleges ineffective assistance of counsel, we must determine whether the trial court's finding on the ineffective assistance argument and subsequent denial of the motion for new trial were "so clearly wrong as to lie outside the zone of reasonable disagreement." *Keller v. State*, 125 S.W.3d 600, 606–07 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted,* 146 S.W.3d 677 (Tex. Crim. App. 2004).

To be entitled to a new trial based on a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) the deficient performance prejudiced the defendant: "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005) (citing

6

*Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984) and *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)).

"Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Thompson*, 9 S.W.3d at 813. "When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Id.* (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)).

**B.     Ineffective assistance**

We understand Brown's appellate brief to argue that his attorney provided ineffective assistance in two ways: (1) his attorney gave an erroneous opinion on the sentence Brown "could" receive and (2) his attorney incorrectly advised him about the sentence range for the offense.

First, under the first prong of *Strickland*, a defendant does not receive ineffective assistance of counsel when his attorney merely gives an opinion that turns out to be false. An attorney's expression of a "hope" or "opinion" that the court will be lenient does not constitute ineffective assistance of counsel if the defendant understood that this "hope" or "opinion" is only a possibility. *Kirven v. State*, 492 S.W.2d 468, 470 (Tex. Crim. App. 1973); *see Graves v. State*, 803 S.W.2d 342, 345 (Tex. App.—Houston [14th Dist.] 1990, writ ref'd) ("The fact

7

that appellant relied on his attorney's professional opinion [regarding sentence range] does not make the plea involuntary"); *Worthy v. State*, No. 11-00-00014-CR, 2001 WL 34373381, at *1 (Tex. App.—Eastland Feb. 8, 2001, no pet.) (mem. op., not designated for publication) (holding that defense attorney's statement that judge may grant lenient sentence does not constitute ineffective assistance of counsel when judge imposes harsher sentence).

For example, in *Medford v. State*, the defendant testified that her lawyer told her that she "would not go to jail, except possibly for three days." 766 S.W.2d 398, 401 (Tex. App.—Austin 1989, writ ref'd.). The Austin court categorized this statement by the defense attorney as the attorney's "opinion." *Id.* The trial court had informed the defendant of the correct range of punishment—including a mandatory 30 days in jail—before accepting her plea. *Id.* Because the defense attorney had not "*promised* total probation or [told the defendant] that probation was required . . . [t]he fact that [the defendant] relied on her attorney's professional opinion does not make the plea involuntary." *Id.* (internal citations omitted).

Brown offers evidence of no more than his attorney's expressed opinion. During the hearing on the motion for new trial, Brown admitted that he understood that his attorney's suggestion that his sentence "could be" reduced to the two-to-

ten years was only the attorney's opinion. [3] He understood that he "had absolutely no guarantee that" the lower sentence "was going to happen." Thus, Brown cannot satisfy the first prong of *Strickland* because he understood his attorney's statement on the range of sentencing was only his attorney's opinion and not a promise or guarantee.

---

[3] Although we assume the truth of Brown's testimony for purposes of this opinion, we note that "[a]llegations of ineffective assistance of counsel will be sustained only if they are firmly founded" in the appellate record. *Jimenez v. State*, 804 S.W.2d 334, 338 (Tex. App.—San Antonio 1991, pet. ref'd). Even if the defendant's testimony is the only testimony in front of the court, the factfinder may reject that testimony because it is not credible. *Madrid v. State*, 595 S.W.2d 106, 118 (Tex. Crim. App. 1979); *In re E.J.C.*, No. 02-08-00295-CV, 2009 WL 885950, at *6 (Tex. App.—Fort Worth Apr. 2, 2009, no pet.) (mem. op., not designated for publication). At least one court has held that the defendant "has not met his burden of proving ineffective assistance of counsel" solely by his testimony, contradicting other parts of the record, that counsel gave him incorrect advice regarding sentencing. *Bellard v. State*, No. 14-98-00341-CR, 1999 WL 605544, at *4 (Tex. App.—Houston [14th Dist.] Aug. 12, 1999, no pet.) (mem. op., not designated for publication).

Here, the trial court may have found Brown's testimony not credible. Despite Brown testifying that his attorney told him Brown could get a two to ten year sentence, the record shows that his attorney requested the minimum 25-year sentence. Because of this apparent contradiction, the judge may have concluded that Brown was not credible—especially considering evidence offered during his sentencing hearing that Brown attempted to bribe character witnesses. The judge expressed his "incomprehension" that a defendant would resort to "multiple schemes to buy and pay for testimony." The State also presented evidence that Brown came "up with different scenarios and different stories in order to protect himself . . . ."

The apparent contradiction between the attorney's request for a 25-year sentence and Brown's testimony that the attorney told him that he would be eligible for a two-to-ten year sentence may have led the trial court to find Brown not credible, and thus find that Brown did not satisfy the first prong of his ineffective assistance claim.

9

Likewise Brown cannot meet the second prong of *Strickland* because such a statement by counsel did not prejudice Brown or create a "reasonable probability that . . . the result of the proceeding would have been different." *Andrews*, 159 S.W.3d at 101.

When the trial court informs the defendant of the range of sentencing, these "admonishments create[] a prima facie showing that [the defendant's] plea was knowing and voluntary and shift[s] the burden to him to affirmatively show he did not understand the consequences of his plea." *Romero Vallejo v. State*, No. 05-00-00182-CR, 2000 WL 1522848, at *3 (Tex. App.—Dallas Oct. 16, 2000, no pet.) (mem. op., not designated for publication) (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) and *Kirk v. State*, 949 S.W.2d 769, 771 (Tex. App.—Dallas 1997, pet. ref'd)). When the court informs the defendant of the correct range of the sentence for a plea, the defendant is generally not prejudiced by his attorney's mistake in informing him of an incorrect sentence range. *See Kober v. State,* 988 S.W.2d 230, 233 (Tex. Crim. App. 1999) (when defendant claims attorney told him wrong sentence range and this advice led to defendant not understanding true punishment range for offense, this creates "a mixed question of law and fact" under "the prejudice prong of *Strickland* . . . which may turn upon the credibility and demeanor" of the defendant); *Scott v. State*, No. 05-08-00455-CR, 2009 WL 1533008, at *5 (Tex. App.—Dallas June 3, 2009, no pet.) (mem.

10

op., not designated for publication) (holding that defendant was not prejudiced by defense counsel's incorrect statement of minimum sentence when defendant admitted trial court informed him of correct minimum sentence).

In *Kirby v. State*, the defendant testified that his counsel "misadvised him concerning his potential punishment range." No. 13-14-00691-CR, 2015 WL 5158450, at *1 (Tex. App.—Corpus Christi Sept. 1, 2015, no pet.). The trial court, however, before accepting the defendant's plea "clearly informed [the defendant] what his range of punishment was as a habitual offender. Further, [the defendant] stated on the record that he understood the effects of his plea and the range of punishment before he pled guilty . . . ." *Id.* at *4. The court held that the defendant did not receive ineffective assistance of counsel and that the defendant was not prejudiced. *Id.* at *6.

In *Romero Vallejo*, the defendant testified that his attorney told him that he would be eligible for, and would likely only receive, parole if he pleaded guilty. *Romero Vallejo*, 2000 WL 1522848, at *3. At his sentencing hearing, however, the trial court informed the defendant of the correct range of punishment and the defendant's ineligibility for parole. *Id.* at *1. After he was sentenced to 20 years, the defendant filed a motion for new trial arguing that he received ineffective assistance of counsel because of his attorney's incorrect advice on his eligibility for parole. *Id.* By denying the motion for a new trial, the trial court "implicitly

found" that the defendant understood the court's admonishments regarding the correct sentencing range. *Id.* at \*3. Because of the "almost total deference" the appeals court must give such an implicit finding, the Dallas court affirmed the judgment holding that the defendant was not prejudiced by the attorney's advice. *Id.*

This case is indistinguishable from *Kirby* and *Romero Vallejo*. The trial court admonished Brown on the correct sentence range three times. Three separate times—including during the hearing on his motion for new trial—Brown admitted that he knew and understood the correct punishment range. Thus, because Brown was "correctly admonished orally and in writing by the trial judge as to the range of punishment," he has not shown that he was prejudiced by his attorney's actions.[4] *Scott*, 2009 WL 1533008, at \*5. Thus, we cannot hold that Brown received ineffective assistance from any incorrect statement by his attorney on the sentencing range.

Thus, we overrule his sole issue.

---

[4] Neither of the cases cited by Brown discuss ineffective assistance of counsel in a context where defense counsel allegedly gave the defendant incorrect advice on the sentencing range and thus, neither are applicable here. *See Winn v. State*, 871 S.W.2d 756 (Tex. App.—Corpus Christi 1993, no writ) (holding counsel was ineffective for failing to impeach State's experts, failing to object to inadmissible evidence, failing to preserve appellate record and failing to prepare for voir dire); *Smith v. State*, 894 S.W.2d 876 (Tex. App.—Amarillo 1995, writ ref'd.) (holding counsel was ineffective for failing to call witnesses to support defendant's version of facts).

## Conclusion

We affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Justices Radack, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).